Good morning, your honors. I may please the court. My name is Quinn Denver, and I represent N. Allen Sawyer, who is the appellant in this case. Mr. Sawyer filed a 2255 habeas petition challenging his conviction for honest services fraud on the basis that he is actually innocent of that offense because his conduct did not violate the statute. The district court, upon motion of the government, dismissed the petition on two separate grounds. One was that he had waived his right to collaterally attack his conviction. The second one was that he was procedurally barred from claiming actual innocence because he had failed to raise that on appeal. He did not file an appeal. I would like to address the latter point first in light of the court's order about a recent decision. It's very clear that there is an exception to the basic rule of procedural bar if the claim is one of actual innocence. The Boosley v. United States case of the Supreme Court certainly makes that clear. The dispute between the parties has been on another point, which I don't think has been specifically addressed by any court. The government's position is that we must be able to point to a Ninth Circuit or Supreme Court case that has been decided since his guilty plea in order to claim actual innocence. They can cite no case for that because it has not been resolved. And we feel that it's actually inconsistent with the whole idea of the actual innocence exception, which is to prevent a miscarriage of justice in convicting an innocent person, and that shouldn't determine when the decision was made. But I think that the court doesn't have to resolve our dispute now in light of this recent decision by the court in, I guess, last week in a case called United States v. I think it's Weier Rausch. That case, I think, is very important because it is the new precedent since the guilty plea that the government feels is necessary in order to trigger this actual innocence exception to procedural bar. The case was a case of first impression. It's an important case because it said honest services fraud under the federal statute is not tied to state law. It said it ruled specifically that there could be honest services federal fraud without a violation of state law. And I think it follows just the other way around, that you can have violations of state law without having honest services fraud. And I think that that's a critical point that was made. The second point made was it said that traditionally the core conduct or courses of conduct covered by the honest services federal fraud are of two kinds. One is a bribery, a quid pro quo for taking official action. The other one is a taking official action without disclosing a material conflict of interest. And then the court declined to go decide what if anything was covered by the statute beyond that core conduct. So I think that the government's position was there was no precedent. There is a precedent now. And the case now is on all fours with Boozley. Boozley was a case where the petitioner filed a habeas petition. It was dismissed. It went up to the Court of Appeals. And while it was in the Court of Appeals, the Bailey case was decided by the United States Supreme Court. So that's exactly the position we're in now other than the Weyer-Rausch cases by this Court rather than the Supreme Court. On the other issue of waiver of collateral attack, the Court made clear in the Buchanan case that whatever written statement there is as to waiver of appeal or collateral attack, it can be changed by the advisements of the court at the time of taking the plea. Can I interrupt you for just a minute? Absolutely. I'm a little — I want to make sure I've got my pieces in the right place. If we hold that this has been a valid waiver of appeal, does your innocent argument have any relevance to us at all? Yes, it does, Your Honor. So you're saying even if there's a waiver, this innocence argument is the way you're going to get around it? I will address that. Because the courts have made clear, this Court has made clear and other courts have made clear, that an appeal waiver or a collateral attack waiver will not be enforced if it results in a miscarriage of justice. It is said, therefore, if the claim is an illegal sentence or illegal restitution, that would be a miscarriage of justice not covered by the waiver. We think that a conviction of an innocent man would be out of the question. I just want to make sure I understood how these arguments fit together. You say innocent man. This is where I'm not sure I follow. You're not saying that he did — that somebody else committed the conduct that was involved. No, Your Honor. You're saying that what he did didn't violate that particular statute. It may have violated some other. Correct. That means that's actual innocence. I can't find any authority for that. For? That's actual innocence. Well, Your Honor — My understanding of actual innocence, and I'm not even sure that we've or anybody's ever recognized a true, actually innocent man. Well, Your Honor, I think the authority is Boosley v. United States in the Benbo case. All the cases they had to do with using or carrying a firearm. There was no doubt about what the conduct of the defendant was. The question was, did it fall within use or carrying. So that's essentially what we're saying. Oh, I see. Now you know. If his conduct is clear, it just doesn't fall there. So I think those two cases are along that line. On the question, if the Court doesn't have any other questions on the procedural default, on the question of the waiver — Let me come back. I'm sorry. I'm sorry. On this question of innocence, I think your argument has to hinge on what you stated. You stated clearly, but fairly quickly, sort of the converse of the Weirach case. Weirach says, well, it can be honest services fraud under federal law, even though it violates no state law. And you said, well, that obviously has to mean that the converse, if it's a violation of state law, it's not necessarily a violation of federal law. Right. In this case, do we have it clearly established that what he did was a violation of state law? So you're dependent upon your statement about the converse? The factual basis incorporates two statutes. There's actually one statute and one California regulation as two of the things that were violated by his conduct. So it's — So we do need your converse. We do. And I think the converse applies because what the Court has said is that federal honest services fraud will be uniform across the nation, and it won't rise and fall depending on what state law is. So I think the converse is true, though. It wasn't in the Weirach decision. Okay. Got it. And then on the question of the waiver, the plea agreement spoke of a waiver of any appeal or collateral attack on conviction or sentence. At the time of the sentencing — or, excuse me, at the time first of the Rule 11 plea, where the district court is required to go over these matters with the defendant, the district court judge advised Mr. Sawyer that he was waiving his right to collaterally attack his plea. He said that also to his lawyer. You understand he's giving up his right to collaterally attack his plea. That's what he repeated again at the time of sentencing. The government never objected to that. And under the Buchanan case, we believe that that — Yeah. He said plea and sentence. He didn't just say — Plea and sentence. That's correct. Right. And the Court has had a distinction well established between attacking a plea and attacking a conviction, and we think that, therefore, that the — although whatever was in the written agreement — I'd be more sympathetic to the argument if the district judge had simply said, you waive your right collaterally to attack your plea, end of sentence — end of the justice sentence, instead of plea and sentence. Well, Your Honor, we are — but we are attacking the conviction itself.  In other words, the sentence may fall with it, but, I mean, I think that's just the nature of any of these — these claims. So I think — I'm trying to figure out whether this person really didn't understand what he was waiving when the written plea agreement very clearly says conviction and sentence. Well, Your Honor, the case that is right on point, I mean, is the Buchanan case where there was a clear statement, you're waiving your right to appeal. And at the time of sentencing, not at the time of Rule 11 as it was here, the judge said that you have a right to appeal. And they said, well, that's — you're allowed to rely on what the judge tells you. That's the whole purpose of this. We quoted you — But you're dependent here on the negative pregnant. That is to say, you're waiving your right to appeal — plea and sentence. He didn't say you affirmably have the right to appeal. I mean, it's somewhat different. And we've got a fairly sophisticated defendant. I'm not sure whether the rule applies differently depending on the sophistication of the defendant. Yeah, I — It's nothing in the case law that says it right now. I don't think there's anything that would show that he did not follow exactly what he was being told. And that's the whole purpose, regardless of how sophisticated or unsophisticated, is that the rule requires that you be advised by the court. But to go your way, I'm supposed to say, okay, he read the plea agreement. He understood the plea agreement. He is now in court. And the judge says plea and sentence. And he gets to say, hmm, oh, terrific. I guess what I signed doesn't bind me. It's a little more lenient than what I signed. That's where your argument takes us. Well, it does — we assume that he read it. How well he understood it, we don't know. We do know that Rule 11 requires — I think this guy did understand it. I mean, given who he is, given he was a former prosecutor, he understood it. May be, may not. I didn't represent him. I can't tell you what he was told about that one way or another. But I think the important thing is, regardless, every defendant is supposed to be advised under Rule 11 of the consequences and what they're doing. And one of the specific ones are these types of waivers. And the court did that, and it just didn't do it right, repeated it to the lawyer wrong, repeats it again in the sentence. And the government didn't — the government didn't come up and say, Your Honor, wait a second, I think we need to look at that again. So I think — I think it's a — but in any case, an appeal or collateral attack waiver should not be enforced if it would cause a miscarriage of justice. I think that's what would happen if he is, in fact, found to be factually innocent, that his conduct did not violate the statute. If I could reserve my second. You may. Thank you. Reserve what? He's Oprah. You don't have them, though. You're going to have to talk backwards when you do that. May it please the Court. I'm Samantha Spangler representing the United States. I think that it's important to start with the procedural default, because if you agree with the district court that Mr. Sawyer procedurally defaulted his claim, there's not even a need to go into the waiver. As to the procedural default, despite the defense's attempt to shoehorn this claim such as it is into a factual innocence claim, it's really not. It's one of legal insufficiency. It's whether the facts that were laid out in the plea agreement in the factual basis meet the law, the elements for honest services mail fraud. And how is that different from factual innocence? I do X, Y, and Z, and the law forbids A, B, and C. And I sat out in my plea agreement. I did X, Y, and Z. I admit every bit of it. But the statute that I'm being prosecuted only forbids A, B, and C. I assume I'm factually innocent. Well, the problem here is that the defendant's position is that there are these out-of-circuit cases that say that the law for honest services fraud is different than the Ninth Circuit law existing at the time of his guilty plea said. That's legal insufficiency. He's trying to claim that these out-of-circuit cases that were already in existence at the time he entered his guilty plea somehow is the same as the Bailey case coming in after the fact and changing the legal landscape. I think he's now trying to take that Weirauch case and say, yes, the law has changed. The law now is Weirauch in the Ninth Circuit. And Weirauch says there's a uniform federal standard as to what constitutes honest services fraud. And it may well be that merely violating some California statutes out there is not honest services fraud within the meaning of federal laws. Therefore, I freely confess that I violated California law. But I was being prosecuted for violating federal law. Federal law may not make what I did a crime. Therefore, I'm innocent. And it's a change of the law. That's the argument. What the defense failed to argue here this morning, though, Your Honor, is that in the factual basis for the guilty plea, there's also a statement of federal law violation of a federal regulation. That's in the factual basis. And the facts are set forth to support that violation. And where is that? Put my nose in it, if you can. Your Honor, it's in the supplemental record. So it would be at the end, the last few pages of the plea agreement as set forth. And on page 2, subparagraph B of paragraph 1, sets forth under Title 28, Code of Federal Regulations, two sections, 66.36B and 70.42. And then it goes on to set out the facts that he violated those two regulations. And in subparagraph or in paragraph 4, which is on page 3, Defendant Sawyer also participated in official OCJP actions relating to the award of federal funds to the San Joaquin Sheriff's Office without disclosing that he had entered into a personal business venture with the San Joaquin County Sheriff. So ---- But does that violate the federal regulation? Yes, indeed. Yes. So even if the defense's argument today is that WIROC now supplies the trigger that the government, that he says the government said was required, which is a mischaracterization of our argument, then, nonetheless, WIROC, even if you use the converse of what he's arguing, basically is that State law, even though he may have violated State law, that's not necessarily enough to constitute a violation of honest services mail fraud. Well, we now we still have that because there's this federal regulation in the plea agreement. In the factual basis, he admitted he violated the federal regulation. Clearly, that supplies the basis for honest services mail fraud. So we're back to the fact that ---- Wait a minute. Are we talking about the WIROC case that was just decided 10 days ago? Yes. Yes. Okay. There was some discussion also about waiver. And I think that it's important for the Court to be aware of one other citation to the record, and showing that the district court uses the terms plea and conviction and found guilty interchangeably. And that's the supplemental excerpts of record, tab 2 at page 7, lines 6 through 14. That's the transcript of the guilty plea colloquy. I'm sorry. You said that too fast for me. Okay. I'm going to be ---- Tab 2. Yeah. Page 7, lines 6 through 14. Okay. I'm with you. Okay. And the fact that the court, the district court, used these terms interchangeably should have indicated to Mr. Sawyer, a lawyer, a former prosecutor, the same understanding that all of us have until we come to the unique circumstances under which this court decided that there's a distinction between plea and conviction. I think you're pressing your linguistic argument there. I'm sorry? I think you're pressing your linguistic argument there. All right. I think that it's important, though, to recognize that there is a distinction here between the facts here and the Buchanan case. The Buchanan case said that there's ---- that when there is a direct conflict between what the district court said at oral pronouncement and what's contained in the language of the guilty plea, then the oral pronouncement controls. However, when it's not an unambiguous conflict between the two of them, then you must look to the oral ---- it doesn't say that you must then look to the oral pronouncement. So you still look at the language of the guilty plea. And clearly, Mr. Sawyer waived his right to collaterally attack his guilty plea. You also must look at his language at the guilty plea colloquy and at sentencing. At sentencing, he allocuted. He apologized to the court. He said he now recognizes his error and he's sorry for it. So he acknowledged his guilt. And now he's trying to come in and say he didn't violate the law. Well, as we've said, he has to show his actual innocence as to not just the charge of conviction, but all of the other eight very serious charges that were contained in the indictment against him. That includes his grand jury perjury. Why does he have to show actual innocence of those other charges? Because that's what the Supreme Court has said is the standard for actual innocence. He's the --- The innocence of things that he was charged with but he never pled to? That's right.  And the government is --- What is the case citation for that? Okay. I believe it's in Bowsley, Your Honor, or Boozley, as Mr. Quinn Denver says. On page 10 of the government's brief we cite the Boozley case and also Murray v. Carrier. As a result, where a defendant has procedural defaulted a claim, the --- oh, I'm sorry. That's the wrong citation. Here it is on page 11. To establish actual innocence, the Petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. And the argument in the brief--- Wait a minute. Wait a minute. That's the same thing about, you know, charges to which he didn't plead. But it does say that in the case, Your Honor. Where in the case? I've got the case here in front of me. What page are you on, Boozley? Well, I'm trying to find the page in the case. Okay. Here it is on page 623 of 523 U.S. 623, okay. 623 and carrying on to 624. Actual innocence --- I'm sorry to slow you down. I've got one of these LexisNexis deals. 623 to 2-4. Yes. It's also found at page 1611 to 12 of the Supreme Court Reporter. And what it says there ---- I'm still trying to find it. Okay. What page are you on? And then the one ---- 623 to 4. 623 to 624. 623 to 624. Can you tell me a language that says in light of all the evidence? 623. The government should be permitted to present any admissible evidence of petitioner's guilt, even if that evidence was not presenting during petitioner's plea colloquy and would not normally have been offered before our decision in Bailey, where the government has forgone more serious charges in the course of plea bargaining. Petitioner's showing of actual innocence must also extend to those charges. So I see that my time is up. Unless the Court has any further questions, I would submit the matter. Okay. I just don't see that one. It's over here. I've got the language. It's not getting you where you want to get as far as I'm concerned. Okay. My point is that at no time has the defense ever made any showing whatsoever of actual innocence on that charge or any other. Okay. Could I have one second? Yes. We'll give you one. I agree. As to any more serious charges that were dismissed as part of plea bargaining, we would have to show actual innocence. Your Honor, we are prepared to do that. We have been thrown out on procedure. Now they're saying we haven't proved it. We're prepared to go to the merits of actual innocence, but we've been thrown out on our claim, and we think we ought to have a right to present the claim and either win or lose on it. What's your response to the argument that there in the plea agreement are violations of two Federal regulations? Well, Your Honor, first of all, the regulations have to do with acting where there's an apparent conflict of interest. Correct. Mr. Sawyer was the deputy director of the Office of Criminal Justice Planning, which oversaw Federal grants. The agreement says that he participated in an award of a contract to the office of the sheriff of San Joaquin County. Mr. McFaul or Mr. Baxter Dunn, who was a co-defendant and was involved in these corporations, was a person there. But there was not a direct conflict of interest because it was from governmental agency to governmental agency. There was. Okay. But we'd like to be able to address all those. I understand. Thank you. Thank you. The case just argued is submitted for decision.
judges: Schroeder, Tashima, Fletcher